UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Neil Eichman, as Personal Representative of the Estate of Megan R. Eichman,<br><br>        Plaintiff,<br><br>Versus<br><br>Austin Rissanen, in his individual capacity, Charleston County Sheriff's Office, and Town of James Island,<br>        Defendants. | C/A No. 2:20-cv-04057-BHH<br><br>**DEFENDANT CHARLESTON COUNTY SHERIFF'S OFFICE'S ANSWER TO PLAINTIFF'S COMPLAINT**<br>(*Jury Trial Requested*) |

  The Defendant, Charleston County Sheriff's Office (hereinafter "this Defendant") hereby answers the allegations of the Plaintiff's Complaint, subject to any and all affirmative defenses, motions, or other qualifications, as set forth below.

  1.  Each and every allegation not specifically admitted in this Answer is denied.

### AS TO JURISDICTION AND VENUE

  2.  The allegations contained in Paragraphs 1, 2, 3, 4, 5 and 6 of the Plaintiff's Complaint state conclusions of law to which no response is required.

### AS TO FACTUAL BACKGROUND

  3.  In response to the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the Plaintiff's Complaint, this Defendant admits, upon information and belief, that on or about November 18, 2018, Defendant Rissanen was involved in a collision with Megan Eichman on Folly Road in Charleston County, South Carolina when Ms. Eichman turned in front of Defendant Rissanen and that Ms. Eichman passed away as a result of the collision. Further responding, this Defendant refers to all data and evidence related to the collision including, but not limited to all video and audio recordings, as well as all medical records related to the parties' injuries, for a more complete and accurate description of the collision. All remaining and inconsistent allegations contained in Paragraphs 7, 8, 9, 10, 11, 12,

13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the Plaintiff's Complaint are denied as they are written.

## AS TO THE FIRST CAUSE OF ACTION
(Negligence Against All Defendants)

4. In response to the allegations contained in Paragraph 28 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

5. This Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint as they are written.

6. The allegations contained in Paragraph 30 of the Plaintiff's Complaint state conclusions of law to which no response is required.

7. The allegations contained in Paragraphs 31 (including subparts a, b, c, d, e, f, g, h, i, j, k, l, m, n, o and p ), 32, 33, and 34 of the Plaintiff's Complaint are denied.

## AS TO THE SECOND CAUSE OF ACTION
(Negligent Hiring, Supervision and/or Retention Against Charleston County Sheriff's Office and Town of James Island)

8. In response to the allegations contained in Paragraph 35 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

9. The allegations contained in Paragraph 36 of the Plaintiff's Complaint state conclusions of law to which no response is required.

10. The allegations contained in Paragraphs 37, 38, 39, 40, 41 (including subparts a, b, c, d, and e), 42 and 43 of the Plaintiff's Complaint are denied.

### AS TO THE THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983 – Violation of Decedent's Fourteenth Amendment Rights by Defendant Rissanen)**

11. In response to the allegations contained in Paragraph 44 of the Plaintiff's Complaint, this Defendant repeats, realleges, and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

12. The allegations contained in Paragraphs 45, 46, 47, 48, 49, 50, 51, 52 (including subparts a and b), 53 and 54 of the Plaintiff's Complaint are not directed toward this Defendant and therefore, no response is required.

### AS TO THE FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983 – Municipal Liability Against Charleston County Sheriff's Office and Town of James Island for Violating Decedent's Constitutional Rights)**

13. In response to the allegations contained in Paragraph 55 of the Plaintiff's Complaint, this Defendant repeats, realleges, and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

14. The allegations contained in Paragraph 56 of the Plaintiff's Complaint state conclusions of law to which no response is required.

15. The allegations contained in Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 (including subparts a, b, c and d), 65, 66, 67, 68, 69, 70, 71 and 72 are denied.

### AS TO THE FIFTH CAUSE OF ACTION
**(Survival Action Against All Defendants)**

16. In response to the allegations contained in Paragraph 73 of the Plaintiff's Complaint, this Defendant repeats, realleges, and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

17. The allegations contained in Paragraph 74 of the Plaintiff's Complaint are denied.

18. The allegations contained in Paragraphs 75 and 76 of the Plaintiff's Complaint state conclusions of law to which no response is required.

19. This Defendant denies the allegations contained in Paragraphs 77, 78 and 79 of the Plaintiff's Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
(Wrongful Death Against All Defendants)

20. In response to the allegations contained in Paragraph 80 of the Plaintiff's Complaint, this Defendant repeats, realleges, and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

21. This Defendant denies the allegations contained in Paragraph 81 of the Plaintiff's Complaint.

22. The allegations contained in Paragraphs 82 and 83 (including subparts a, b, c, d, e, f, and g) of the Plaintiff's Complaint state conclusions of law to which no response is required.

23. This Defendant denies the allegations contained in Paragraph 84 and the PRAYER FOR RELIEF (including subparts i, ii, iii, iv and v), being the remaining allegations of the Plaintiff's Complaint.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
(No Proximate Cause)

24. That, even if this Defendant was negligent, as alleged in the Complaint, which is specifically denied, the negligence of this Defendant was not the direct or proximate cause of any injury alleged by the Plaintiff and therefore, this Defendant is not liable for any damages allegedly sustained by the Plaintiff.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
(No Breach)

25. The allegations complained of in the Plaintiff's Complaint, which are denied, do not constitute a breach of any duty owed to Plaintiff and therefore, any recovery against this Defendant is barred.

**<u>FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:</u>**
**(Comparative Negligence)**

26.    That, upon information and belief, even if this Defendant was negligent as described in the Complaint, which is specifically denied, the Plaintiff's alleged injuries and damages, if any, resulted from, or were due to the negligence of the Plaintiff, which combined and concurred with any negligence on the part of this Defendant, which is specifically denied, to bring about the said damages, if any, as a proximate cause therefore and without which the same would not have occurred.

**<u>FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:</u>**
**(Lack of Foreseeability)**

27.    That upon information and belief, even if the damages alleged in Plaintiff's Complaint, if any, were proximately caused by the acts and/or omissions of the answering Defendant, which is otherwise denied except for the purpose of these affirmative defenses, this Defendant did not and could not have foreseen that Plaintiff's damages, if any, could have proximately resulted from the alleged incident.

**<u>FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:</u>**
**(Governmental Immunity/Tort Claims Act)**

28.    This Defendant is a governmental entity as defined by South Carolina Code Ann. § 15-78-30 and as such are immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act pursuant to § 15-78-60. The South Carolina Tort Claims Act constitutes the exclusive remedy for any tort committed by the employee of the governmental entity who is acting within the scope of his or her employment. No award for damages under Chapter 78 shall include punitive or exemplary damages and pre-judgment interest or exceed the statutory limits contained therein. South Carolina Code Ann. Sec. 15-78-120.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**
**(Limitation of Remedies-Tort Claims Act)**

29. Any recovery by the Plaintiff for state law claims must be limited to the remedies allowed under the South Carolina Tort Claims act, including, but not limited to, S.C. Code Ann. §§15-78-120(a)(1) and 15-78-120(b).

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**
**(Sole Remedy-Tort Claims Act)**

30. The Plaintiff's exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty is the South Carolina Tort Claims Act, and any claims asserted by Plaintiff not in compliance therewith must be dismissed.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**THIS DEFENDANT ALLEGES:**
**(Reasonableness and Good Faith)**

31. This Defendant alleges that it and its agents and employees acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is not entitled to the recovery of any damages whatsoever.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**THIS DEFENDANT ALLEGES:**
**(Punitive Damages Not Recoverable)**

32. This Defendant alleges that Plaintiff is barred from any recovery of punitive damages for state law claims pursuant to the South Carolina Tort Claims Act.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Constitutional Violation)**

33. That alleged actions/inactions claimed by the Plaintiff did not rise to the level of constitutional violations, and the Plaintiff did not suffer any infringement of constitutional and/or federal rights, state rights, privileges or immunities.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Sovereign Immunity-Torts Claims Act)**

34. This Defendant alleges that the Plaintiff's Complaint is barred or otherwise limited by the provisions of the South Carolina Tort Claims Act, including, but not limited to, S.C. Code Ann. §15-78-60.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Intoxication)**

35. That, upon information and belief, Plaintiff's decedent was intoxicated at the time of the collision upon which this action is brought and this Defendant pleads the intoxication of the decedent was the sole cause of the accident.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Limitation of Punitives and Bifurcation of Trial)**

36. This Defendant pleads that any claim for punitive damages must be bifurcated pursuant to S.C. Code Ann. §15-32-520 and all applicable statutory caps on punitive damages shall apply, including but not limited to, the caps described in S.C. Code Ann. §15-32-530, *et seq.*, as amended.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(S.C. Code Section 23-24-30)**

37. Defendant Rissanen was engaged in off-duty work at the time of the collision that is the subject of this lawsuit and therefore, recovery against this Defendant is barred.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
**(Reservation and Non-Waiver)**

38. This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the South Carolina Rules of Civil Procedure.

**WHEREFORE**, having fully answered Plaintiff's Complaint, and having asserted these affirmative defenses, the Defendant, Charleston County Sheriff's Office, prays that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
Email: Info@hoodlaw.com


**/s/ Elloree A. Ganes**
Elloree A. Ganes (9022)

*Attorneys for the Defendant*
*Charleston County Sheriff's Office*

**November 30, 2020**
Charleston, South Carolina