

**EXHIBIT B**

Office Dial: (843)277-6655                                                                                    E-Mail: colin@mcleod-lawgroup.com

October 27, 2022

**<u>Via Certified Mail – Return Receipt Requested</u>**
Charleston County Sheriff's Office c/o
Elloree A. Gaines
Hood Law Firm, LLC
172 Meeting Street
Charleston, SC 29401

   Re: Neil Eichman as Personal Representative of the Estate of Megan R. Eichman v.
      Charleston County Sheriff's Office, et al
      Case No.: 2:20-cv-04057-BHH
      MLG File No.: 18-1052

Dear Elloree,

  Enclosed for service, please find a Notice of Deposition and subpoena for Defendant Charleston County Sheriff's Office 30(b)(6) Witness' deposition in the above-referenced matter. The deposition has been scheduled for November 10, 2022 at 11:00 a.m. at McLeod Law Group.

  Thank you for your cooperation and assistance in this matter.

  With kind regards, I am

                 Sincerely,

                 *Brooke A. DiMeo*
                 Brooke A. DiMeo, paralegal to
                 Colin V. Ram

CVR/bad

Enclosures

cc: Amanda K. Dudgeon, Esquire
   Payton D. Hoover, Esquire
   John L. McDonald, Esquire

UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NEIL EICHMAN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MEGAN R. EICHMAN<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN RISSANEN, in his individual capacity; CHARLESTON COUNTY SHERIFF'S OFFICE; and TOWN OF JAMES ISLAND,<br><br>Defendants. | Civil Action No.: 2:20-04057-BHH<br><br>**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF CHARLESTON COUNTY SHERIFF'S OFFICE** |

**TO: ELLOREE A. GANES, ESQUIRE, ATTORNEY FOR DEFENDANT CHARLESTON COUNTY SHERIFF'S OFFICE:**

PLEASE TAKE NOTICE that Plaintiff, by and through his undersigned attorneys, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, shall take the deposition upon oral examination of Charleston County Sheriff's Office ("CCSO") through one or more officers, directs, agents or other representatives who shall be designated to testify on CCSO's behalf regarding all information known or reasonably available to CCSO with respect to the subject matters identified in **EXHIBIT A**.

The deposition shall commence on **November 10, 2022 at 11:00 a.m.**, at the office **McLeod Law Group, 3 Morris Street, Suite A, Charleston, South Caroline 29403**, or at such other time and location as agreed upon by the parties, and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic and videotape means.

Pursuant to Local Civil Rule 30.04(H) of the Federal Rules of Civil Procedure, Plaintiff's counsel anticipates that all documents produced by Charleston County Sheriff's Office and

discovery requests and responses issued in this litigation may be shown to the deponent and marked as exhibits during the deposition.

                                                  **McLEOD LAW GROUP, LLC**
PO Box 21624
Charleston, SC 29413
(843) 277-6655

/s/ W. Mullins McLeod, Jr.
W. Mullins McLeod, Jr.
Colin V. Ram
Michael T. Cooper
*Attorneys for the Plaintiff*

October 27, 2022
Charleston, South Carolina

CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing was served on each party or counsel of record by mailing or hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

This __27__ day of __Oct.__, 2022

_Brooke Armes_

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Neil Eichman as PR for Estate of Megan Eichman<br>*Plaintiff*<br>v.<br>Austin Rissanen, Charleston County Sheriff's Office, and Town of James Island<br>*Defendant* | )<br>)<br>) Civil Action No. 2:20-04057-BHH<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Charleston County Sheriff's Office

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: McLeod Law Group, LLC, 3 Morris Street, Suite A, Charleston, South Carolina 29403 | Date and Time:<br>11/10/2022 11:00 am |
|---|---|

The deposition will be recorded by this method:    Via Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/27/2022

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Neil Eichman as PR for the Megan Eichman    , who issues or requests this subpoena, are:

Colin V. Ram, Esq., McLeod Law Group, LLC, PO Box 21624, Charleston, SC 29413 colin@mcleod-lawgroup.com 843-277-6655

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20-04057-BHH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Charleston County Sheriff's Office on *(date)* 10/27/2022 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Certified Mail-Return Receipt

on *(date)* 10/27/2022 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $            for travel and $            for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/27/2022

*Server's signature*

Brooke A. DiMeo
*Printed name and title*
McLeod Law Group, LLC
PO Box 21624
Charleston, SC 29413

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Matters of Examination for Rule 30(b)(6) Deposition of Charleston County Sheriff's Office**

1. Training provided to Deputy Austin Rissanen on emergency vehicle operations, including driving speeds, use of emergency lights/siren, and emergency driving policies;

2. The hiring (including rehiring) and supervision of Rissanen as a deputy;

3. Charleston County Sheriff Office's awareness of and responses to its deputies' high-speed vehicle collisions with motorists resulting in serious injury and/or death (incl. surveillance of such incidents and training and policy changes following such occurrences);

4. Charleston County Sheriff Office's off-duty contract with the Town of James Island;

5. Charleston County Sheriff Office's policy and procedure development process.